### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ROSA M. VELAZQUEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:07-cv-01213** |
| | § | **Jury Demanded** |
| **HSBC CREDIT CENTER, INC.,** | § | |
| **Defendant.** | § | |

### PLAINTIFF, ROSA M. VELAZQUEZ'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Rosa M. Velazquez, hereinafter called Plaintiff, complaining of and about

HSBC Credit Center, Inc., hereinafter called Defendant, and for cause of action shows unto the Court

the following:

### PARTIES AND SERVICE

1.      Plaintiff Rosa M. Velazquez, is a citizen of the United States and the State of Texas

and resides in Harris County, Texas.

2.      Defendant HSBC Credit Center, Inc. may be served by serving C.T. Corporation

System, its agent authorized to accept service at 350 North St. Paul St., Dallas, TX 75201.

### JURISDICTION

3.      The action arises under Title VII of the Civil Rights Act of 1964 as hereinafter more

fully appears.

4.      This Court has supplemental jurisdiction over state law claims discussed below under

28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5.      This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of religion and sex and the

retaliation arising there from.

## CONDITIONS PRECEDENT

6.      All conditions precedent to jurisdiction have occurred or been complied with:  a

charge of discrimination was filed with the Equal Employment Opportunity Commission within

three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety

days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to

sue letter.

## FACTS

7.      In October 2004, Plaintiff was hired by Defendant to provide financial services for

Defendant's customers in Houston. While Plaintiff trained in San Antonio, Defendant's San Antonio

branch manager, Louis Martinez (hereinafter Mr. Martinez), repeatedly made unwelcome romantic

advances towards Plaintiff. After Plaintiff rebuffed Mr. Martinez' advances, he became agitated and

argumentative with Plaintiff.

8.      In November 2004, Plaintiff returned to Houston from San Antonio and informed her

immediate supervisor, Lauro Gonzales (hereinafter Mr. Gonzales), Defendant's District Sales

Manager, of the harassment by Mr. Martinez. Mr. Gonzales then asked Plaintiff not to report the

incidents to Human Resources but rather allow him to handle the problem. However, because Mr.

Martinez and Mr. Gonzales are good friends, nothing was done.

9.      In June 2005, because of Plaintiff's prior complaints of sexual harassment, Plaintiff was relocated from the Houston Long Pointe branch office, a productive office, to the Pasadena branch office, an unproductive office. At the time of the relocation, Robert Gil (hereinafter Mr. Gil) was the Pasadena branch manager and also a good friend of Mr. Gonzales'. Mr. Gonzales informed Plaintiff that Mr. Gil needed to be closer to Houston and Plaintiff would therefore trade offices with Mr. Gil, despite the fact that Pasadena was further for Plaintiff.

10.     During Plaintiff's employment at the Pasadena branch office Mr. Gonzales took actions to sabotage Plaintiff's work performance. Mr. Gonzalez transferred inexperienced employees to Plaintiff's branch while experienced employees were utilized at other locations. Additionally, Defendant failed to route sales calls to Plaintiff's office, causing Plaintiff's sales quotas to drop dramatically. In fact, the sales calls for Plaintiff's office were routed to Mr. Gil's branch office in Houston.

11.     In November 2005, Plaintiff was placed on written probation due to low sales quotas.

12.     In December 2005, Plaintiff made a formal complaint to Human Resources concerning the actions by Mr. Gonzales, Mr. Martinez, and Mr. Gil.

13.     On or about February 14, 2006, Plaintiff received a visit from Defendant's District General Manager, James Costello (hereinafter Mr. Costello). At this meeting, Mr. Costello asked Plaintiff to quit, but Plaintiff refused.

14.     On or about March 01, 2006, Plaintiff was terminated by Defendant.

## RELIGIOUS DISCRIMINATION

8.      Defendant, HSBC Credit Center, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because of her religious observance, practice, or belief.  At all material

times, HSBC Credit Center, Inc. could reasonably accommodate Plaintiff without undue hardship to

the conduction of HSBC Credit Center, Inc.'s business.

## SEX DISCRIMINATION AND SEXUAL HARASSMENT

9.      Defendant, HSBC Credit Center, Inc., intentionally engaged in unlawful employment

practices involving Plaintiff because she is a female.

10.      Defendant sexually harassed Plaintiff, as described above, in violation of her rights

under 42 U.S.C. Section 2000e (2)(a).  Defendant, HSBC Credit Center, Inc., knew or should have

known of the harassment, yet failed to take prompt remedial action.

## DISCRIMINATION

11.      Defendant, HSBC Credit Center, Inc., discriminated against Plaintiff in connection

with the compensation, terms, conditions and privileges of employment or limited, segregated or

classified Plaintiff in a manner that would deprive or tend to deprive her of any employment

opportunity or adversely affect her status because of Plaintiff's religion and sex in violation of 42

U.S.C. Section 2000e (2)(a).

12.      Defendant, HSBC Credit Center, Inc., classified Plaintiff in a manner that deprived

her of an equal employment opportunity that was provided to employees similarly situated in

violation of 42 U.S.C. Section 2000e (2)(a).

13.      Plaintiff alleges that Defendant, HSBC Credit Center, Inc., discriminated against

Plaintiff on the basis of religion and sex with malice or with reckless indifference to the state-

protected rights of Plaintiff.

## RETALIATION BY HSBC CREDIT CENTER, INC.

14.     Plaintiff alleges that Defendant HSBC Credit Center, Inc. instituted a campaign of retaliation which included transferring Plaintiff to an unproductive branch office and eventually terminating Plaintiff.  This retaliation was and is due to Plaintiff exercising her rights by complaining of sexual harassment within the workplace.  Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

15.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.     $300,000.00;

b.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c.     Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d.     All reasonable and necessary costs incurred in pursuit of this suit;

e.     Emotional pain;

f.     Expert fees as the Court deems appropriate;

g.     Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h.     Inconvenience;

i.     Prejudgment interest;

j.     Mental anguish in the past;

k.     Mental anguish in the future; and

l.     Loss of benefits.

## EXEMPLARY DAMAGES

16.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Rosa M. Velazquez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:   /s/ Michael W. Gonzalez
Michael W. Gonzalez
Attorney-in-Charge
Texas Bar No. 24049817
Southern District Bar No:  646073
2400 S. Texas Avenue
Pearland, TX  77581
Tel. (281)485-3500
Fax. (281)485-0171
Attorney for Plaintiff
Rosa M. Velazquez

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY